UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GLOBAL COMMODITIES TRADING GROUP, INC.; THE INSURANCE COMPANY OF THE STATE OF PENNSYLVANIA, PHILADELPHIA,<br><br>Plaintiffs,<br><br>v.<br><br>BENEFICIO DE ARROZ CHOLOMA, S.A., a Honduran Company; SADY FARID ANDONIE REYES, an Individual; JOYCE MARY JARUFE DOX, aka JOYCE JARUFE DE ANDONIE, an Individual; and DOES 1-50, inclusive,<br><br>Defendants. | No. 2:16-CV-01045-TLN-CKD<br><br>**ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER** |

Plaintiffs Global Commodities Trading Group, Inc., a California company, and The Insurance Company of the State of Pennsylvania, Philadelphia (collectively "Plaintiffs") have moved for a temporary restraining order, an order to show cause regarding the preliminary injunction, and issuance of letters rogatory to the Honduran government. (ECF No. 21.) The Court has considered the evidence presented on behalf of Plaintiffs in support of the motion and has concluded that Plaintiffs have failed to meet the standard supporting the issuance of a temporary restraining order.

**I.    FACTUAL BACKGROUND**

Plaintiffs allege that Defendants Beneficio de Arroz Choloma, S.A., a Honduran company, Sady Farid Andonie-Reyes, and Joyce Mary Jarufe-Dox (collectively "Defendants")

1

entered into a contract for the purchase of corn, rice, and other grains from Plaintiffs. (ECF No. 25 at 6.) Plaintiffs assert that they performed the obligations under the contract by delivering the agreed upon commodities to Defendants in Honduras, but that Defendants failed to perform their obligations under the contract. (ECF No. 25 at 6–9.)

Plaintiffs therefore filed a complaint in Placer County Superior Court against Defendants on September 25, 2014, seeking monetary damages based on California state law counts of breach of contract, common counts, and subrogation. (ECF No. 25 at 10.) On May 17, 2016, Defendants removed the case to the Eastern District of California based on diversity jurisdiction. (ECF No. 25 at 10.) On June 22, 2016, Plaintiffs were served with notice that Defendants brought a lawsuit against Plaintiffs in the Civil Court of San Pedro Sula, Cortes, Honduras. (ECF No. 25 at 10.) On July 1, 2016, Defendants filed two motions to dismiss, one based on lack of personal jurisdiction and one based on the doctrine of forum non conveniens. (ECF Nos. 11 and 12.) These motions are set for hearing before this Court on September 22, 2016.

Plaintiffs state that they have asked Defendants to stay the litigation in Honduras pending the resolution of the instant law suit, but that Defendants have not responded to the request. (ECF No. 25 at 13.) Plaintiffs state they are currently seeking to hire Honduran counsel to represent them in the Honduran complaint. (ECF No. 25 at 13.) However, as of July 26, 2016, Plaintiffs state that they have been unable to retain Honduran counsel to represent it in defense of the Honduran complaint. (ECF No. 25 at 13.) Plaintiffs assert that they do not believe they were served in the Honduran action in a manner that requires a responsive pleading, but, if a response is due, it would be due on August 17, 2016. (ECF No. 25 at 13.) On these grounds, Plaintiffs seek a temporary restraining order and preliminary injunction preventing Defendants from proceeding with the Honduran action.

**II.    LEGAL STANDARD**

A temporary restraining order is an extraordinary and temporary "fix" that the court may issue without notice to the adverse party if, in an affidavit or verified complaint, the movant "clearly show[s] that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A). The purpose of a temporary

restraining order is to preserve the status quo pending a fuller hearing. *See* Fed. R. Civ. P. 65. It is the practice of this district to construe a motion for temporary restraining order as a motion for preliminary injunction. Local Rule 231(a); *see also Aiello v. One West Bank*, No. 2:10–cv–0227–GEB–EFB, 2010 WL 406092 at *1 (E.D. Cal. Jan. 29, 2010) ("Temporary restraining orders are governed by the same standard applicable to preliminary injunctions.") (internal quotation and citations omitted).

Injunctive relief is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Natural Res. Def. Council, Inc.,* 555 U.S. 7, 22 (2008) (citing *Mazurek v. Armstrong,* 520 U.S. 968, 972 (1997) (per curiam)). "The purpose of a preliminary injunction is merely *to preserve the relative positions* of the parties until a trial on the merits can be held." *University of Texas v. Camenisch*, 451 U.S. 390, 395 (1981) (emphasis added); *see also Costa Mesa City Employee's Assn. v. City of Costa Mesa*, 209 Cal. App. 4th 298, 305 (2012) ("The purpose of such an order is to preserve the status quo until a final determination following a trial.") (internal quotation marks omitted); *GoTo.com, Inc. v. Walt Disney, Co.*, 202 F.3d 1199, 1210 (9th Cir. 2000) ("The status quo ante litem refers not simply to any situation before the filing of a lawsuit, but instead to the last uncontested status which preceded the pending controversy.") (internal quotation marks omitted). In cases where the movant seeks to alter the status quo, preliminary injunction is disfavored and a higher level of scrutiny must apply. *Schrier v. University of Co.*, 427 F.3d 1253, 1259 (10th Cir. 2005). Preliminary injunction is not automatically denied simply because the movant seeks to alter the status quo, but instead the movant must meet heightened scrutiny. *Tom Doherty Associates, Inc. v. Saban Entertainment, Inc.*, 60 F.3d 27, 33–34 (2d Cir. 1995).

In most instances, "[a] plaintiff seeking a preliminary injunction must establish [1] that he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest." *Winter*, 555 U.S. at 20. A plaintiff must "make a showing on all four prongs" of the *Winter* test to obtain a preliminary injunction. *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011). In evaluating a plaintiff's motion for preliminary injunction, a district court may weigh the plaintiff's showings on the *Winter* elements using a

1  sliding-scale approach. *Id.*  A stronger showing on the balance of the hardships may support
2  issuing a preliminary injunction even where the plaintiff shows that there are "serious questions
3  on the merits . . . so long as the plaintiff also shows that there is a likelihood of irreparable injury
4  and that the injunction is in the public interest." *Id*.  Simply put, Plaintiff must demonstrate, "that
5  [if] *serious* questions going to the merits were raised [then] the balance of hardships [must] tip[]
6  *sharply* in the plaintiff's favor," in order to succeed in a request for preliminary injunction.  *Id.* at
7  1134–35 (emphasis added).

8  Here, Plaintiffs are seeking an injunction against a foreign lawsuit, which requires a unique
9  three part inquiry by the Court.  "First, we determine whether or not the parties and the issues are the
10 same in both the domestic and foreign actions, and whether or not the first action is dispositive of the
11 action to be enjoined.  Second, we determine whether at least one of the so-called '*Unterweser*
12 factors' applies.  Finally, we assess whether the injunction's impact on comity is tolerable."
13 *Microsoft Corp. v. Motorola, Inc*., 696 F.3d 872, 881 (9th Cir. 2012) (internal citations omitted).  The
14 *Unterweser* are as follows: "whether the" foreign litigation ... would (1) frustrate a policy of the
15 forum issuing the injunction; (2) be vexatious or oppressive; (3) threaten the issuing court's in rem or
16 quasi in rem jurisdiction; or (4) where the proceedings prejudice other equitable considerations." *Id*.
17 (internal citations omitted).

18 "The law in the Ninth Circuit is unclear whether a movant seeking an anti-suit injunction
19 must only establish the presence of the three anti-suit injunction factors addressed above, or
20 whether the movant must also establish the remaining traditional factors for a preliminary
21 injunction." *Interdigital Tech. Corp. v. Pegatron Corp.*, No. 15-CV-02584-LHK, 2015 WL
22 3958257, at *8 (N.D. Cal. June 29, 2015).  *See also*, *Zynga, Inc. v. Vostu USA, Inc*., 816 F. Supp.
23 2d 824, 828 (N.D. Cal. 2011) ("It is arguably unclear from the Ninth Circuit case law whether the
24 three anti-suit injunction factors replace all four *Winter* preliminary injunction factors, or whether
25 they replace only the requirement that the movant show a likelihood of success on the merits of
26 the underlying claim.")  Indeed, Plaintiffs make reference to both sets of standards in their
27 briefing.  (ECF No. 25 at 14.)  Given this lack of clarity, the Court will apply both standards in its
28 analysis.

### III. ANALYSIS

#### A. Foreign Anti-Suit Injunction Standard

In determining whether an injunction against pursing a foreign suit is appropriate, the Ninth Circuit has established a three step test: 1) whether the parties and the issues are the same in both actions and whether or not the first action is dispositive of the action to be enjoined; 2) whether at least one of the '*Unterweser* factors' applies; and 3) whether the injunction's impact on comity is tolerable. *Microsoft Corp. v. Motorola, Inc*., 696 F.3d at 881. Here, the Court declines to issue a temporary restraining order because Plaintiffs have failed to prove the necessity of a temporary restraining order under the first of this three step test.

Under the first step, Plaintiffs must demonstrate that the parties and the issues are the same in both actions and that the first action is dispositive of the action to be enjoined. *Id*. Instead, Plaintiffs simply assert that the parties and issues are the same, but provide no analysis or comparison of the issues themselves and whether they are legally similar to the instant action. (ECF No. 16.) Moreover, Plaintiffs prevent the Court from conducting its own inquiry on this issue by failing to provide all of the materials from the Honduran action, much less a certified translated copy. Instead, Plaintiffs have provided the declaration of an individual who states that he speaks Spanish fluently and reviewed the documents. (Decl. of P. Beresford, ECF No. 23.) Therefore, Plaintiffs ask the Court to make a determination on the action without even providing the documentation itself.

Even if Plaintiffs' own assertions would be sufficient absent evidence, Plaintiffs completely fail to address the second requirement encompassed in the first step – whether the first action is dispositive of the action to be enjoined. Meaning, the Court must assess "the extent the domestic action is capable of disposing of all the issues in the foreign action." *Microsoft Corp. v. Motorola, Inc*., 696 F.3d at 882. Plaintiffs offer the declaration of an uncertified translator, who simply states that the suit in Honduras seeks damages on the same rice and corn shipment at issue in this case. (ECF No. 23 at 2.) An assertion that the shipments of rice and corn are the same between both actions is not tantamount to an argument that the legal implications of the causes of action in both suits are similar. The Court is left with absolutely no clarity as to what legal theories underlie Defendants' claims in the Honduras action and therefore cannot determine whether those claims are dispositive of

1  this action.

2  The Ninth Circuit has warned that the power to enjoin parties from proceeding with a foreign action should be used sparingly. *Id*. at 881. Plaintiffs' lack of explanation and evidence as to the first factor of this three step test requires that the Court deny the motion for a temporary restraining order at this time.

### B. Irreparable Harm

With respect to the traditional *Winter* factors, the Court finds that the irreparable harm prong of the test does not support granting relief. Thus, the Court need not address the remaining factors as Plaintiffs have not met their burden for a temporary restraining order. *See Alliance for the Wild Rockies*, 632 F.3d at 1135 (stating that the *Winter* test requires a plaintiff to "make a showing on all four prongs").

Federal Rule of Civil Procedure 65(b)(1)(A) instructs that a temporary restraining order may be issued where "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." The Supreme Court has further specified that a plaintiff seeking preliminary relief must demonstrate that irreparable injury is likely in the absence of an injunction. *Winter*, 555 U.S. at 22; *see also Freedom Holdings, Inc. v. Spitzer*, 408 F3d 112, 114 (2nd Cir. 2005) (holding that irreparable injury is "the single most important prerequisite for the issuance of a preliminary injunction"); *Apple, Inc. v. Samsung Electronics Co., Ltd.*, 678 F3d 1314, 1325 (Fed. Cir. 2012) (holding that a movant must make a clear showing of likelihood of irreparable harm). To meet the irreparable harm requirement, a plaintiff must do more than simply allege imminent harm; he or she must demonstrate it. *Caribbean Marine Servs. Co., Inc. v. Baldrige*, 844 F.2d 668, 674 (9th Cir. 1988).

Here, Plaintiffs do not specify the irreparable harm that they will suffer if the action in Honduras is allowed to progress. Plaintiffs allude to the fact that they may need to prepare a responsive pleading to the action on August 17, 2016. (ECF No. 25 at 13.) However, the Court is not aware of any case law indicating that requiring a party to prepare a responsive pleading in a separate litigation constitutes an irreparable injury. To conclude that preparing filings constitutes

1  irreparable injury stretches the doctrine of injunctions to absurd conclusions, especially in this
2  instance where Plaintiffs received notice of the pending lawsuit over one month ago.  It is
3  certainly possible that a *judgment* or *injunction* in the Honduran action against Plaintiffs may
4  constitute an injury, but there is no indication from Plaintiffs' briefings that the litigation in
5  Honduras has reached that stage or will reach that stage in the near future.

6  Moreover, Plaintiffs have also failed to show that this harm is imminent.  First, as
7  discussed above, the litigation in Honduras may, for countless reasons, not yield a judgment that
8  harms Plaintiffs.  Second, there are two motions before this Court which are not yet briefed in full
9  that may prompt the dismissal of this case.  Defendants have filed both a motion to dismiss for
10 lack of personal jurisdiction (ECF No. 11) and a motion to dismiss for *forum non conveniens*
11 (ECF No. 12).  Both these motions argue that Honduras, not this Court, is the appropriate location
12 for the instant action.  The Court cannot determine that the litigation in Honduras must be stayed
13 pending this action without first determining whether the case is properly heard before this Court.
14 The Court's determination in those inquiries could entirely remove Plaintiffs' rationale for the
15 stay of the Honduran litigation.  Therefore, Plaintiffs have failed to show that the alleged injury is
16 imminent.  *Caribbean Marine Servs. Co.*, 844 F.2d at 674.

17 Because Plaintiffs have failed to show a likelihood of irreparable harm, the Court need not
18 address the other three *Winter* factors.  *See Winter*, 555 U.S. at 20; *Alliance for the Wild Rockies*,
19 632 F.3d at 1135 (*Winter* requires a plaintiff to make a showing on all of the *Winter* factors); *see*
20 *also Lopez v. Brewer*, 680 F.3d 1068, 1072 (9th Cir. 2012) (sliding scale approach requires a
21 likelihood of irreparable injury to the plaintiff).  Therefore, the Court declines to grant a
22 temporary restraining order.

23 **IV.   CONCLUSION**

24 For the foregoing reasons, this Court finds that injunctive relief at this juncture of the
25 litigation is not appropriate.  As such, Plaintiffs' motion for temporary restraining order, as well
26 as for an order to show cause, and a letter of rogatory to the Honduran government (ECF No. 3) is
27 hereby DENIED.

28 Moreover, for the reasons articulated in Section III.B., *supra*, the Court finds that it cannot

reach a finding as to Plaintiffs' request for preliminary injunction (ECF No. 14) until the Court has had an opportunity to assess Defendants' two pending motions to dismiss (ECF Nos. 11 & 12). Therefore, the Court hereby resets the hearing for the motion for preliminary injunction to September 22, 2016, so that all three motions may be fully briefed and heard at the same time. All responsive pleadings should be filed according to the deadlines set forth in the Local Rules.

IT IS SO ORDERED.

Dated: July 28, 2016

Troy L. Nunley
United States District Judge