UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GLOBAL COMMODITIES TRADING GROUP, INC., and THE INSURANCE COMPANY FOR THE STATE OF PENNSYLVANIA, PHILADELPHIA,<br><br>Plaintiffs,<br><br>v.<br><br>BENEFICIO DE ARROZ CHOLOMA, S.A., a Honduran Company, SADY FARID ANDONIE REYES, an Individual, JOYCE MARY JARUFE DOX, aka JOYCE JARUFE DE ANDONIE, an Individual, and DOES 1 TO 50, inclusive,<br><br>Defendants. | No. 2:16-cv-01045-TLN-CKD<br><br>**ORDER DENYING REQUEST FOR RECONSIDERATION** |

Plaintiffs Global Commodities Trading Group, Inc., and the Insurance Company for the State of Pennsylvania, Philadelphia (jointly "Plaintiffs") filed the instant action on September 25, 2014, in the Superior Court of the State of California, County of Placer. (ECF No. 1-1.) On May 17, 2016, Defendants Beneficio De Arroz Choloma[1], Sady Farid Andonie Reyes ("Andonie"), and Joyce Mary Jarufe Dox's ("Jarufe") (jointly "Defendants") removed the action to this Court. (ECF No. 1.) On November 17, 2016, Magistrate Judge Carolyn K. Delaney issued an Order

---

[1] Defendant Beneficio De Arroz Choloma does not join in the instant request for reconsideration. All further references to "Defendants" refer to Sady Farid Andonie Reyes and Joyce Mary Jarufe Dox.

1

1  (ECF No. 92) granting in part and denying in part Defendants' motion for a protective order
2  staying merits discovery.  Defendants subsequently filed a Request for Reconsideration of the
3  Magistrate Judge's Order (ECF No. 94).  Plaintiffs filed an opposition. (ECF No. 97.)  On
4  December 19, 2016, Defendants filed a notice that they had complied with Magistrate Judge
5  Delaney's November 17 Order.  However, neither Plaintiffs nor Defendants moved to strike the
6  motion or request that the Court not rule on the merits of said motion.  For that reason, the Court
7  turns to the merits of the motion.

8       Federal Rule of Civil Procedure 72(a) permits a party to file a request for reconsideration
9  to a magistrate judge's non-dispositive order within 14 days of being served with a copy of the
10 order.  "A district judge in the case must consider timely objections and modify or set aside any
11 part of the order that is clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a).  The "clearly
12 erroneous" standard applies to the magistrate judge's factual findings and requires the district
13 court to overturn the magistrate judge's ruling when the court is "left with the definite and firm
14 conviction that a mistake has been committed." *Concrete Pipe & Prods. of Cal., Inc., v. Constrs.*
15 *Laborers Pension Trust*, 508 U.S. 602, 622 (1993).  In contrast, a "contrary to law" standard is
16 applied to the magistrate judge's legal conclusions and amounts to a *de novo* review.  *United*
17 *States v. McConney*, 728 F. 2d 1195, 1200–01 (9th Cir. 1984) (en banc) *abrogated on other*
18 *grounds* by *Pierce v. Underwood*, 487 U.S. 552 (1988).

19      Defendants contend that Magistrate Judge Delaney erred in finding that Plaintiffs made a
20 colorable showing of personal jurisdiction over Defendants such that they are subject to discovery
21 proceedings.  (ECF No. 94 at 10–12.)  With respect to Defendant Andonie, Defendants assert that
22 Magistrate Judge Delaney's finding was based on the new claims in Plaintiffs' proposed first
23 amended complaint and that those claims cannot be a basis for jurisdiction because they are not
24 yet at issue. (ECF No. 94 at 10–11.)  Plaintiffs argue that Defendants' cited authority is not
25 conclusive.  (ECF No. 97 at 3.)  Plaintiffs further assert that even if the case law supported
26 Defendants' view, personal jurisdiction arises out of the claims in Plaintiffs' Original Complaint.
27 (ECF No. 97 at 3.)  Plaintiffs allege that the Original Complaint asserts breach of contract claims
28 against Andonie.  A review of the evidence demonstrates that Plaintiffs proffered information

showing that Andonie came to California on multiple occasions to pursue business between the companies, specifically in January 2012 to discuss the contracts at issue in the case. (ECF No. 66 ¶¶ 8, 12.) Based on this information, Magistrate Judge Delaney's ruling could rely on the Original Complaint as a means of finding that a colorable showing of personal jurisdiction exists. Based on the foregoing, the Court cannot say that Magistrate Judge Delaney's ruling was clearly erroneous as the Court is not left "with the definite and firm conviction" that she is mistaken.

As to Defendant Jarufe, Defendants argue that Plaintiffs disavowed the testimony which demonstrated a colorable showing of personal jurisdiction over Jarufe. (ECF No. 94 at 11.) Defendants claim that a new declaration contradicts a previous declaration by the same individual and thus the Court should not rely on the declarations to determine if Plaintiffs make a colorable showing of personal jurisdiction over Jarufe. (ECF No. 94 at 12.) Plaintiffs contend that the declarations presented are not contradictory, but rather explain that Jarufe's signature appears on a contract at issue in the case, but no one witnessed her sign it. (ECF No. 97 at 4–5.) Plaintiffs further argue that they did not learn that Jarufe's signature may be a forgery until Defendants raised the issue in support of their motion to dismiss. (ECF No. 97 at 5.) The Ninth Circuit has held that "discovery should ordinarily be granted where pertinent facts bearing on the question of jurisdiction are controverted or where a more satisfactory showing of the facts is necessary." *Laub v. U.S. Dep't of the Interior*, 342 F. 3d 1080, 1093 (9th Cir. 2003). However, jurisdictional discovery is not appropriate "when it is clear that further discovery would not demonstrate facts sufficient to constitute a basis for jurisdiction," *Am. W. Airlines, Inc. v. GPA Group, Ltd.*, 877 F.2d 793, 801 (9th Cir. 1989), or where the request for discovery is "based on little more than a hunch that it might yield jurisdictionally relevant facts." *Boschetto v. Hansing*, 539 F. 3d 1011, 1020 (9th Cir. 2008). Plaintiffs are correct that Defendants called into question the validity of Jarufe's signature and in doing so raised the issue of whether personal jurisdiction exists. As such, the Court finds that Magistrate Judge Delaney's order is not clearly erroneous since Plaintiffs are entitled to discovery to demonstrate whether personal jurisdiction exists with regard to Jarufe.

Lastly, Defendants argue that permitting merit discovery on Request For Production

1  ("RFP") 8 and Interrogatories 12 and 13 is contrary to law.  Defendants assert they have met this
2  Court's two-step analysis to determine when to issue a protective order if there are outstanding
3  dispositive motions.  This Court required that "the pending motion must be potentially dispositive
4  of the entire case, or at least dispositive on the issue at which discovery is aimed.  [Then], the
5  court must determine whether the pending, potentially dispositive motion can be decided absent
6  additional discovery.  If the moving party satisfies these two prongs, the court may issue a
7  protective order."  *Mlejnecky v. Olympus Imaging America, Inc.*, No. 2:10–cv–02630 JAM KJN,
8  2011 WL 489743, at *6 (E.D. Cal. Feb. 7, 2011).  Defendants assert that *Mlejnecky* also finds that
9  "[f]or the second prong, the Court is not to analyze whether the discovery is merely relevant to
10  the potentially dispositive motion, but rather whether that motion can be decided absent
11  discovery."  (ECF No. 94 at 13.)  The Court does not agree with Defendants' reading of
12  *Mlejnecky* and cautions Defendants on what appears to be a misrepresentation before this Court.
13  The court in *Mlejnecky* observed that the parties did not dispute that a protective order should not
14  issue if the pending dispositive motion cannot be decided without the discovery at issue.
15  *Mlejnecky*, 2011 WL 489743, at *6.  However, the court went on to observe that the Ninth Circuit
16  has found that a district court abuses its discretion when it prevents a party from conducting
17  discovery that is relevant to the basis for the pending dispositive motion.  *Id.* (citing *Alaska Cargo*
18  *Transport, Inc. v. Alaska R.R. Corp.*, 5 F. 3d 378, 383 (9th Cir. 1993)).  *Mlejnecky* requires this
19  Court to permit discovery that is relevant to an outstanding motion, even if the motion could be
20  decided without it, because preventing discovery on information relevant to the potentially
21  dispositive motion would be an abuse of this Court's discretion.

22  Defendants assert that Magistrate Judge Delany necessarily found that Defendants met the
23  test because she denied all other merit-based discovery.  (ECF No. 94 at 13.)  However, the Court
24  notes that Magistrate Judge Delaney could have determined — as this Court does — that the three
25  discovery requests at issue are relevant to Defendants' pending motion to dismiss.  Because the
26  Ninth Circuit in essence requires discovery where the information is relevant to a potentially
27  dispositive motion, the Court cannot find that Magistrate Judge Delaney's ruling to permit
28  discovery on RFP 8 and Interrogatories 12 and 13 is contrary to law.  Based on the foregoing

1  analysis, Defendants' request for reconsideration is denied on the merits.

2      As the Court previously stated, on December 19, 2016, Defendants filed a notice that they
3  had complied with Magistrate Judge Delaney's November 17 Order.  Thus, Defendants have
4  complied with the discovery order at issue in the request for reconsideration.  In light of this, the
5  also Court hereby DENIES Defendants' Motion for Reconsideration (ECF No. 94) as moot.

6      IT IS SO ORDERED.

8  Dated: December 28, 2016

10                                Troy L. Nunley
                                 United States District Judge