UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GLOBAL COMMODITIES TRADING GROUP, INC., and INSURANCE COMPANY OF THE STATE OF PENNSYLVANIA, PHILADELPHIA,<br><br>Plaintiffs,<br><br>v.<br><br>BENEFICIO DE ARROZ CHOLOMA, S.A, a Honduran Company, SANDY FARID ANDONIE REYES, an individual, and JOYCE MARY JARUFE DOX, aka JOYCE JARUFE DE ANDONIE, an Individual,<br><br>Defendants. | No. 2:16-cv-01045-TLN-CKD<br><br>**ORDER** |

This matter is before the Court on six separate motions. Defendants Beneficio De Arroz Choloma, S.A. ("Bachosa"), Sandy Farid Andonie Reyes ("Andonie"), and Joyce Mary Jarufe Dox's (collectively "Defendants") filed a Motion to Dismiss for Lack of Personal Jurisdiction (ECF No. 11), a Motion to Dismiss for Failure to State a Claim (ECF No. 12), and two motions to strike (ECF Nos. 54 & 70). Plaintiff Global Commodities Trading Group, Inc. ("Plaintiff") filed a Motion for Preliminary Injunction (ECF No. 14) and a Motion to File a First Amended Complaint (ECF No. 35). Oppositions and replies were filed as to all motions. Having considered the arguments raised by the parties and for the reasons set forth below, the Court

hereby GRANTS Defendants' Motion to Dismiss for Lack of Personal Jurisdiction.[1] (ECF No. 11.) The remaining motions are hereby DENIED as moot.

## I. FACTUAL AND PROCEDURAL BACKGROUND

This lawsuit involves an alleged breach of contract arising out of shipping contracts for rice and corn from the United States to Honduras. Plaintiff alleges Bachosa reached out to it in the end of 2011 to purchase "14,500 (+/-) metric tons of U.S. No. 2 or better long grain rough rice and approximately 5,000 (+/-10%) metric tons of U.S. No. 2 or better white corn." (Velasquez Decl., ECF No. 16 ¶ 9.) The Rice and Corn were originally scheduled for shipment in late December 2011. (Compl., ECF No. 1-2 ¶ 12.) Plaintiff alleges the shipment was delayed and upon arrival in Honduras the officials delayed unloading the cargo because Barchosa's importation permits were not valid. (ECF No. 1-2 ¶ 12.) The cargo was not unloaded until March 3, 2012. (ECF No. 1-2 ¶ 12.) Plaintiff alleges Bachosa's failure to have valid permits incurred demurrages of $644,000 for Plaintiff. (ECF No. 1-2 ¶ 12.)

Plaintiff alleges Bachosa failed to pay for the corn and rice by the contract date of August 30, 2012. (ECF No. 1-2 ¶ 13.) As a result of the breach, Plaintiff and Bachosa agreed to additional terms for payment of the contracts and signed an Act of Understanding (the "Act") in October of 2012. (ECF No. 1-2 ¶ 14.) Under the Act, the parties agreed to an additional 180 days for Bachosa to pay the amounts owed under the rice and corn contracts. (ECF No. 1-2 ¶ 14.) The Act acknowledges that Bachosa owes $7,073,648 on the original contracts and $644,897.92 for demurrage charges. (ECF No. 1-2 ¶ 14; ECF No. 66-4 at 3.)

Plaintiff alleges Bachosa and Defendant Andonie executed a promissory note in favor of Plaintiff for an amount up to $11,000,000 (the "Note"). Obligations under the Note were due April 6, 2013. Interest accrued and continues to accrue at 8.5% per annum. (See ECF No. 1-2 ¶ 15; ECF No. 66-5 at 3.)

Plaintiff alleges Defendant Adonie and Defendant Dox each also signed a personal

---

[1] Plaintiff requested jurisdictional discovery in its opposition to Defendants' motion to dismiss for lack of personal jurisdiction. The magistrate judge already permitted jurisdictional discovery which this Court upheld in its order denying Defendants' motion for reconsideration (ECF No. 99). Accordingly, the request for jurisdictional discovery is DENIED as moot.

guaranty of debt (the "Guaranty"). (ECF No. 66-5 at 3.) The Guaranty became due upon immediate failure to pay the Note. (ECF No. 1-2 ¶ 16.) Plaintiff alleges Defendants have failed to pay the amount owed under the Act, the Note, or the Guaranty. (ECF No. 1-2 ¶¶ 14–16.) Plaintiff alleges Bachosa has made various payments to Plaintiff, the last being made in August 2014. Plaintiff alleges an outstanding balance of $9,015,676, calculated through June 30, 2014. (ECF No. 1-2 ¶ 18.)

Plaintiff filed suit in Superior Court of the State of California, County of Placer on September 25, 2014. (ECF No. 1-2.) Plaintiff alleged five causes of action: (1) Breach of Contract — the Act; (2) Breach of Contract — the Note; Breach of Contract – the Guaranty; (4) Goods and Services Rendered; and (5) Open Book Account. (ECF No. 1-2.) Defendants removed the action to this Court on May 17, 2016. (ECF No. 1.) Defendants filed their motion to dismiss for lack of personal jurisdiction on July 1, 2016. (ECF No. 11.) Plaintiff filed a motion to amend on September 6, 2016. (ECF No. 35.)

**II.  STANDARD OF LAW**

A. Motion to Dismiss for Lack of Personal Jurisdiction

Federal Rule of Civil Procedure 12(b)(2) allows a party to file a motion to dismiss for lack of personal jurisdiction. When there is no federal statute authorizing personal jurisdiction, the district court applies the law of the state in which the district court sits. *Mavrix Photo, Inc. v. Brand Techs., Inc.*, 647 F.3d 1218, 1223 (9th Cir. 2011). California's long-arm statute is coextensive with federal due process requirements. Cal. Civ. Proc. Code § 410.10. Accordingly, the "jurisdictional analyses under state law and federal due process are the same." *Mavrix Photo*, 647 F.3d at 1223 (citing *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800–01 (2004)).

There are two types of personal jurisdiction: general and specific. General jurisdiction exists when a defendant's "continuous corporate operations within a state [are] so substantial and of such a nature as to justify suit against it on causes of action arising from dealings entirely distinct from those activities." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 318 (1945). Specific personal jurisdiction, on the other hand, exists when the suit arises out of or relates to the

3

defendant's contacts with a forum. *Helicopteros Nacionales de Colombia, S.A.*, 466 U.S. 408, 414 n.8 (1984); *Int'l Shoe*, 326 U.S. at 316 ("due process requires only that in order to subject a defendant to a judgment in personam, if he be not present within the territory of the forum, he have certain minimum contacts with it such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice' ") (quoting *Milliken v. Meyer*, 311 U.S. 457, 463 (1940)).

In opposing a defendant's motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of establishing the court's jurisdiction over the defendant. *Wash. Shoe Co. v. A–Z Sporting Goods Inc.*, 704 F.3d 668, 671–72 (9th Cir. 2012). However, when the defendant's motion is based on written materials rather than an evidentiary hearing, the plaintiff need only make a "prima facie showing of jurisdictional facts to withstand the motion to dismiss." *Id.* (quoting *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1154 (9th Cir.2006)) (internal quotation marks omitted). The court resolves all disputed facts in favor of the plaintiff. *Id.* at 672.

### B. Motion to Amend

Granting or denying leave to amend a complaint rests in the sound discretion of the trial court. *Swanson v. United States Forest Serv.*, 87 F.3d 339, 343 (9th Cir. 1996). When the Court issues a pretrial scheduling order that establishes a timetable to amend the complaint, Federal Rule of Civil Procedure ("FRCP") 16 governs any amendments to the complaint. *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294 (9th Cir. 2000). To allow for amendment under FRCP 16, a plaintiff must show good cause for not having amended the complaint before the time specified in the pretrial scheduling order. *Id.* The good cause standard primarily considers the diligence of the party seeking the amendment. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). "Moreover, carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." *Id.* The focus of the inquiry is on the reasons why the moving party seeks to modify the complaint. *Id.* If the moving party was not diligent then good cause cannot be shown and the inquiry should end. *Id.*

Even if the good cause standard is met under FRCP 16(b), the Court has the discretion to refuse the amendment if it finds reasons to deny leave to amend under FRCP 15(a). *Johnson*, 975

F.2d at 610. Under Rule 15(a)(2), "a party may amend its pleading only with the opposing party's written consent or the court's leave," and the "court should freely give leave when justice so requires." The Ninth Circuit has considered five factors in determining whether leave to amend should be given: "(1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment; and (5) whether plaintiff has previously amended his complaint." *In re Western States Wholesale Natural Gas Antitrust Litigation*, 715 F.3d 716, 738 (9th Cir. 2013) (citing *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990)). "[T]he consideration of prejudice to the opposing party carries the greatest weight." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).

### III. ANALYSIS

#### A. Personal Jurisdiction

As an initial matter, Plaintiff seeks leave to file a First Amended Complaint which it avers demonstrates jurisdiction over Defendants. (ECF No. 72 at 8.) Plaintiff contends the Court must allow Plaintiff to file their amended complaint and deny Defendants motion as moot. (ECF No. 72 at 8.) Plaintiff cites no case law, and the Court can find none, that requires a court to grant a motion to amend when personal jurisdiction is in question. The cases Plaintiff cite deal with personal jurisdiction after a motion to amend has been granted and hold that jurisdictional motions must be made on the operative complaint. (ECF No. 72 at 8.) At this time, Plaintiff's motion to amend is pending and the operative complaint remains the complaint originally filed in this action. Accordingly, the Court will first determine if personal jurisdiction exists on the face of the original complaint and then determine if the proposed amended complaint cures any jurisdictional deficiencies.

The parties do not question that general jurisdiction is inapplicable in this case. Therefore, the Court turns solely to the question of specific jurisdiction. The Ninth Circuit applies a three-part test to determine if the exercise of specific jurisdiction over a nonresident defendant is appropriate:

> (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully

> avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and (3) the exercise of jurisdiction must comport with fair play and substantial justice, *i.e.* it must be reasonable.

*Brayton Purcell LLP v. Recordon & Recordon*, 606 F.3d 1124, 1128 (9th Cir. 2010). The plaintiff bears the burden of proving the first two prongs of the test. *Boschetto v. Hansing*, 539 F.3d 1011, 1016 (9th Cir. 2008). If the first two prongs are met, then "the defendant must come forward with a 'compelling case' that the exercise of jurisdiction would not be reasonable." *Id.* (quoting *Schwarzenegger*, 374 F.3d at 802).

Under the first prong of the *Brayton* test, Plaintiff bears the burden of establishing that Defendant "has performed some act or consummated some transaction within the forum or otherwise purposefully availed itself of the privileges of conducting activities in the forum." *Bancroft & Masters, Inc. v. Augusta Nat'l Inc.*, 223 F.3d 1082, 1086 (9th Cir. 2000). The Ninth Circuit has refined this test to mean Defendant has either: (1) purposefully availed itself of the privilege of conducting activities in the forum; or (2) purposefully directed his activities toward the forum. *Schwarzenegger*, 374 F.3d at 802. A purposeful availment analysis is most often used in suits sounding in contract. *See, e.g.*, *Doe v. Unocal Corp.*, 248 F.3d 915, 924 (9th Cir. 2001). A purposeful direction test is generally reserved for cases sounding in tort. *See Dole Food, Inc. v. Watts*, 303 F.3d 1104, 1111 (9th Cir. 2002).

Plaintiff applies the *Calder* effects test to demonstrate purposeful availment. (ECF No. 72 at 15–17 (citing *Calder v. Jones*, 465 U.S. 783, 789–90 (1984).) However, Ninth Circuit precedent applies the Calder effects test only in intentional tort cases under the purposeful direction analysis. *See Dole Food*, 303 F.3d at 1111. Furthermore, Plaintiff analyzes the test against the three new tort causes of action asserted in its proposed first amended complaint. As the Court has explained, the operative complaint remains the originally filed complaint until the Court rules on Plaintiff's motion to amend. The action as alleged in the original complaint sounds in contract and does not assert any causes of action based in tort. Therefore, the *Calder* effects test is inapplicable as to the original complaint and the purposeful availment standard shall

be applied.

Plaintiff makes no other arguments regarding purposeful availment. Accordingly, Plaintiff fails to meet its burden of establishing the first prong of the *Brayton* test. *Brayton*, 606 F.3d at 1128. Out of an abundance of caution the Court reviews the facts under the purposeful availment prong. Plaintiff alleges the current action arises out of a contract initiated by Bachosa. (Velasquez Decl., ECF No. 16 ¶ 9.) Bachosa contacted Defendant to form a contract involving the sale and shipment of rice and grain. All discussion involving the contract took place over emails or telephone calls, except one visit by Defendants to Plaintiff's facility in Roseville, California. Defendants argue the visit to the Roseville facility was for non-business purposes. The Act, Note, and Guaranty were all made payable to Plaintiff in Roseville, California, but executed outside of the state.

The Ninth Circuit and California courts have repeatedly held negotiations completed solely through emails, telephones, and other international communications are insufficient to demonstrate purposeful activity. *See Penny Newman Grain Co. v. Midwest Paint Services, Inc.*, No. CV-F-06-1020 OWW/DLB, 2007 WL 4531700, at *3 (E.D. Cal. Dec. 18, 2007) (collecting cases). Additionally, the "act of making notes executed elsewhere by a nonresidential defendant payable to a California resident in California" is insufficient to invoke the laws and benefits of the state. *Floyd J. Harness Co. v. Amezcua*, 60 Cal. App. 3d 687, 692 (Fifth District, 1976). Accordingly, jurisdiction turns on Defendant Andonie's single visit to California.

The parties dispute the characteristics of Defendant Andonie's visit. Defendants assert the visit was of a leisurely nature and the contracts were not discussed. (ECF No. 11-1 at 7.) Plaintiff argues the "key communication" ordering Plaintiff to ship the products took place during that visit. (ECF No. 72 at 20.) The Court must resolve all disputed facts in favor of Plaintiff. *Wash. Shoe Co.*, 704 F.3d at 672. However, Plaintiff overstates the significance of the alleged visit because the visit dealt with the original contract and performance under that contract — not the Act, Note, and Guaranty upon which Plaintiff brought suit. However, even if the visit is related to the contracts at issue, a single trip to California is inadequate for a finding of purposeful availment. *Info Span, Inc. v. Emirates NBD Bank PJSC*, No. SACV 11-1062 JVS (ANx), 2012

1 | WL 12953464, at * 8 (C.D. Cal. July 27, 2012) (citing *HK China Group, Inc. v. Beijing United Auto & Motorcycle Mfg. Corp.*, 417 Fed. Appx. 664, 666 (9th Cir. 2011)); *see also Smartshop Self Storage Operating Partnership L.P. v. Can-Dev, ULC*, No. SACV 15-01415-CJC(DFMx), 2015 WL 13322430, at *4 (S.D. Cal. Oct. 26, 2015) (finding a short two day trip to discuss the development plan that concerned the contract at issue in the complaint insufficient to create personal jurisdiction).

On the facts and evidence presented by Plaintiff, the Court cannot find Defendants purposefully availed themselves of the laws of the forum state. Plaintiff fails to meet its burden to establish the first prong. Accordingly, the original complaint does not convey the Court with personal jurisdiction over Defendants.

B. <u>Futility of Amendment</u>

Through its motion to amend, Plaintiff seeks to add two tort claims for intentional misrepresentation and false promises apparently in an effort to strengthen its personal jurisdiction claim. Plaintiff attempts to apply the *Calder* effects test to the proposed claims sounding in tort in order to establish purposeful direction under the first prong of the *Brayton* analysis. However, Plaintiff's addition of tort claims does not transform this contract action into an action in tort. The main premise of the lawsuit is the alleged breach of contract of the Act, Note, and Guaranty. The proposed new claims relate directly to those contracts as they allege that the Guaranty was forged. Additionally, Plaintiff continues to seek damages as a result of the alleged breach of contracts. Accordingly, the action remains a contract action at its core and a purposeful availment standard applies. *See Boschetto v. Hansing*, 539 F.3d 1011, 1015–1016 (9th Cir. 2008) (applying the purposeful availment action to a complaint alleging claims for breach of contract and misrepresentation because the action sounds in contract).

Plaintiff's complaint fails to present new facts which would allow the Court to find Defendants purposefully availed themselves of the laws of the state of California. Therefore, amendment would be futile.

///

///

8

**IV. CONCLUSION**

For the reasons set forth above, the Court finds Plaintiff's complaint fails to convey personal jurisdiction over Defendants. Accordingly, the Court orders as follows.

1. Defendants' Motion to Dismiss for Lack of Personal Jurisdiction (ECF No. 11) is hereby GRANTED.
2. Plaintiff's Motion to Amend (ECF No. 36) is hereby DENIED.
3. The remaining four motions (ECF Nos. 12, 14, 54, & 70) are hereby DENIED as moot.
4. The Clerk of Court is directed to close the case.

IT IS SO ORDERED.

Dated: August 17, 2017

Troy L. Nunley
United States District Judge