UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GLOBAL COMMODITIES TRADING GROUP, INC., and INSURANCE COMPANY OF THE STATE OF PENNSYLVANIA, PHILADELPHIA,<br><br>Plaintiffs,<br>v.<br><br>BENEFICIO DE ARROZ CHOLOMA, S.A, a Honduran Company, SANDY FARID ANDONIE REYES, an individual, and JOYCE MARY JARUFE DOX, aka JOYCE JARUFE DE ANDONIE, an individual,<br><br>Defendants. | No. 2:16-cv-01045-TLN-CKD<br><br>**ORDER** |

This matter is before the Court pursuant to Objections filed by Plaintiff Global Commodities Trading Group, Inc. ("Global") (ECF No. 112) in response to the Bill of Costs (ECF No. 110) filed by Defendants Beneficio de Arroz Choloma S.A., Sandy Farid Andonie Reyes, and Joyce Mary Jarufe Dox (collectively "Defendants"). The Court has carefully reviewed the bill of costs and Global's objections thereto. For the reasons set forth below, Global's Objections (ECF No. 112) are hereby SUSTAINED.

///

///

1

**I. BACKGROUND**

On August 17, 2017, this Court entered an Order resolving Defendants' motion to dismiss for lack of jurisdiction. (ECF No. 108.) In that Order, the Court granted Defendants motion to dismiss finding the Court lacked personal jurisdiction over Defendants. On August 31, 2017, Defendants submitted their bill of costs requesting $25,032.49. (ECF No. 110 at 5.) Defendants attribute that amount to Clerks fees, fees for exemplification and copies or papers necessarily obtained for use in the action, compensation for interpreters, and other items allowed by the Court in the interest of justice. (ECF No. 110 at 2 (citing L.R. 292(f)).) Global objects to Defendants bill of costs, arguing that only the $400 filing fee is a permissible cost under 28 U.S.C. § 1920. (ECF No. 112 at 1–2.)

**II. STANDARD OF LAW**

Under Rule 54(d)(1) of the Federal Rules of Civil Procedure, the prevailing party in a lawsuit may recover its costs, other than attorney's fees, "[u]nless a federal statute, [the civil rules], or a court order provides otherwise." Fed. R. Civ. P. 54(d)(1). "By its terms, the rule creates a presumption in favor of awarding costs to a prevailing party, but vests in the [Court] discretion to refuse to award costs." *Ass'n of Mexican–Am. Educators v. State of Cal.*, 231 F.3d 572, 591 (9th Cir. 2000). If the Court declines to award costs to the prevailing party, the Court must "specify reasons" for denying costs. *Id.* However, the Court need not "specify reasons for its decision to abide [by] the presumption and tax costs to the losing party." *Save Our Valley v. Sound Transit*, 335 F.3d 932, 945 (9th Cir. 2003).

A prevailing party's ability to recover costs under Rule 54(d)(1) is limited by 28 U.S.C. § 1920 and, in this District, by Local Rule 292. 28 U.S.C. § 1920; L.R. 292(f). *See also Crane-McNab v. Cty. of Merced*, No. 1:08-cv-1218-WBS-SMS, 2011 WL 794284, at *1 (E.D. Cal. Mar. 1, 2011) ("Rule 54(d)(1) of the Federal Rules of Civil Procedure and Local Rule 292 govern the taxation of costs to losing parties, which are generally subject to limits set under 28 U.S.C. § 1920."). 28 U.S.C. § 1920 enumerates which fees and expenses the Court may tax as costs. Local Rule 292(a) prescribes that "[c]osts shall be taxed in conformity with the provisions of 28 U.S.C. § 1920" and Local Rule 292(f) provides a list of specific fees and expenses that are

taxable as costs.  L.R. 292(a), (f).

**III.    ANALYSIS**

Global objects to eight out of nine "costs" requested by Defendants.  (ECF No. 112.)  Global argues Defendants are not permitted to recover $1,757.25 for printing copies because they have not demonstrated the need for more copies over the 200 which are arguably attributable to the motion to dismiss.  (ECF No. 112 at 3.)  Next, Global asserts the Supreme Court made clear interpreter fees for written translations are not available as costs.  (ECF No. 112 at 4.)  As to Courier fees, Travel Expenses, and Legal Research, Global argues Local Rule 292 (f)(11) cannot expand the costs permitted under 28 U.S.C. § 1920 and therefore are not recoverable.  (ECF No. 112 at 4.)  Finally, Global contends Expert Fees are not recoverable because the witnesses did not appear in court as is required.  (ECF No. 112 at 4–5.)  The Court addresses each argument in turn.

          A.   Printing and Copies

Global argues Defendants are not entitled to $1,757.25 for printing costs under 28 U.S.C. § 1920 because Defendants appear to have made 200 or fewer copies based on the docket.  (ECF No. 112 at 3.)  Global argues the amount requested amounts to 15,000 or more copies and that Defendants fail to establish they are entitled to recovery costs for those copies.  (ECF No. 112 at 3.)

Section 1920(3) permits costs for "disbursements for printing."  28 U.S.C. § 1920(3).  Courts have drawn a distinction between photocopying expenses necessary to the action and those intended for the convenience of trial.  *See Robinson v. Kia Motors American, Inc.*, 2016 WL 4474505, at *4 (E.D. Cal. Aug. 25, 2016) (collecting cases).  The court in *Robinson* awarded no costs for copies because it found the defendant had not demonstrated which costs from a spreadsheet of copies should be awarded.  *Id.* at *5.  Here, Defendants have not provided any material for the Court to review.  The attached exhibit which supposedly details the copies includes four pages each labeled for a different type of copy — scan, laser, other, and photocopies.  (ECF No. 110-3 at 2–5.)  However, none of the pages details what was copied or for what purpose.  The pages merely include lines for costs and total.

In their bill of costs, Defendants include the following justification for the expenses:

"[c]opies of documents, case law, and additional items for research, drafting of filings, and hearing preparation." (ECF No. 110 at 2.)  This justification does not explain whether the costs were necessary for court filings or were for counsel's convenience.  Accordingly, Defendants fail to show which expenses for copies should be awarded and this Court awards none.

### B. Interpreter Fees

Defendants seek $5,247.49 for "[c]ompensation for interpreters for court filings (including expert witness declarations) and discovery responses." (ECF No. 110 at 2–3.)  Defendants describe the tasks as "[t]ranslations between Spanish and English of (1) Defendants' declarations as to several motions, (2) declarations of expert witnesses and Honduran counsel as to multiple motions, and (3) discovery responses." (ECF No. 110 at 2–3.)  Global argues recent Supreme Court precedent makes clear that written translations are not included in interpreter fees considered under Sections 1920(6). (ECF No. 112 at 4.)  In *Taniguchi v. Kan Pacific Saipan, Ltd.*, 566 U.S. 560, 132 S. Ct. 1997, 2007 (2012), the Supreme Court expressly held the term "interpreter" in Section 1920(6) means someone "who translates orally from one language to another," and therefore "the category 'compensation of interpreters' in § 1920(6) does not include costs for document translation." *Id.*  Accordingly, the written translations are not covered by Section 1920(6) and Defendants may not recover the costs of such translations.

### C. Costs pursuant to Local Rule 292(f)(11)

Defendants seek six separate costs under Local Rule 292 (f)(11): (1) $470.30 for "[d]ocument retrieval from Superior Court of Placer County;" (2) $779.40 for "Defendants' Counsel's travel from Los Angeles to Sacramento for November 16, 2016 hearing;"(3) $8,877.64 for Legal Research; (4) $83.73 for "Federal Express deliveries from (1) Santucci Justice Center (Placer County Superior Court) for removal to this Court, and (2) Plaintiffs' counsel's office;" (5) $4,795.60 for "Defendants' counsel's travel to meet with clients in Honduras regarding facts of case, to review documents, and analyze defense strategies;" and (6) $2,621.08 for "[c]ompensation for expert opinions as to Honduran law that were used in relation to motions to dismiss and anti-suit injunction request." (ECF No. 110 at 3–5.)  Plaintiffs assert Defendants may not recover for any of the above mentioned costs because they are not provided for under Section

4

1920. (ECF No. 112 at 4–6.) Plaintiffs argue the Supreme Court specifically held that costs are limited to items enumerated in Section 1920. (ECF No. 112 at 2.)

In *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437 (1987), the Supreme Court examined the interplay between Federal Rules of Civil Procedure 54(d), 28 U.S.C. § 1920, and 28 U.S.C § 1821, and the extent to which each section provides the right to tax costs. The Supreme Court explained that the Court could not accept an interpretation of statutory language that would render other code sections completely without meaning. *Id.* at 442. Accordingly, the Court noted Rule 54(d) is not a power to evade congressional command from Section 1821, but is solely the power to decline to tax as costs "items enumerated in § 1920." *Id.* The Supreme Court went on to hold "that absent explicit statutory or contractual authorization for the taxation of the expenses of a litigant's witness as costs, federal courts are bound by the limitations set out in 28 U.S.C. § 1821 and § 1920." *Id.* at 445. The instant Court sees no reason this holding and analysis used — though specifically referring to litigant's witnesses as costs — does not extend to all other enumerated subsections in Section 1920. Accordingly, Local Rule 292(f) does not extend the costs which this Court may award under Section 1920 and the aforementioned requested costs must fit within Section 1920.

Defendants do not provide any statutory support for their requests for costs. Defendants claim costs for courier services, expert consultations, travel expenses, and legal research under Local Rule 292(f)(11). Local Rule 292(f)(11) provides that the Court may award costs for "all other items allowed by any statute or rule or by the Court in the interest of justice." L.R. 292(f)(11). However, there are no statutes or rules which support the imposition of these costs by the Court. Furthermore, other courts have specifically declined to award costs in situations similar to each group of requested costs. *See Davis v. Hollins Law*, No. CIV S–12–3107 LKK/AC, 2014 WL 2875778, at *1 (E.D. Cal. June 24, 2014) (finding travel expenses were recoverable only insofar as the statute for attorney's fees permits such costs); *Alexander MFG., Inc., Employee Stock Ownership and Trust v. Illinois Union Ins. Co.*, 688 F. Supp. 2d 1170, 1176–77 (D. Or. 2010) (finding courier fees and computerized legal research were not recoverable under § 1920); *In re Hurtado*, No. 09–16160–A–13, 2015 WL 6164063, at *4

(Bankr. E.D. Cal. Oct. 20, 2015) (explaining expert witness costs are not recoverable for experts who do not appear in court).

Having cited no statute or rule in support of their requests, Defendants have failed to demonstrate that the Court is permitted to award such costs. Accordingly, the Court exercises its discretion under Rule 54(d) and declines to award Defendants costs for document retrieval from Superior Court of Placer County, "Defendants' Counsel's travel from Los Angeles to Sacramento for November 16, 2016 hearing," Legal Research, "Federal Express deliveries from (1) Santucci Justice Center (Placer County Superior Court) for removal to this Court, and (2) Plaintiffs' counsel's office," "Defendants' counsel's travel to meet with clients in Honduras regarding facts of case, to review documents, and analyze defense strategies," and "[c]ompensation for expert opinions as to Honduran law that were used in relation to motions to dismiss and anti-suit injunction request." (ECF No. 112 at 3–5.)

### IV. CONCLUSION

For the reasons stated above, the Court declines to award costs for printing/copies, written interpretations, courier fees, travel expenses, legal research and expert witnesses who did not appear in court. Accordingly, Plaintiff's objections (ECF No. 112) are hereby SUSTAINED. Defendants are permitted costs for the filing fee in the amount of $400.00.

IT IS SO ORDERED.

Dated: September 28, 2017

Troy L. Nunley
United States District Judge