UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GLOBAL COMMODITIES TRADING GROUP, INC., and THE INSURANCE COMPANY OF THE STATE OF PENNSYLVANIA, PHILADELPHIA,<br><br>Plaintiffs,<br><br>v.<br><br>BENEFICIO DE ARROZ CHOLOMA, S.A., a Honduran Company, SANDY FARID ANDONIE REYES, an individual, and JOYCE MARY JARUFE DOX, a.k.a. JOYCE JARUFE DE ANDONIE, an Individual,<br><br>Defendants. | No. 2:16-cv-01045-TLN-CKD<br><br>**ORDER** |

Plaintiffs Global Commodities Trading Group, Inc. ("Global") and the Insurance Company of the State of Pennsylvania ("Plaintiffs") filed a motion to alter or amend the Court's August 17, 2017 Order (ECF No. 108). (ECF No. 113.) In the August 17 Order, the Court dismissed Plaintiffs' breach-of-contract claims for lack of personal jurisdiction.[1] (ECF No. 108.)

Federal Rule of Civil Procedure 59(e) permits a court to alter or amend a judgment if "(1) the district court is presented with newly discovered evidence, (2) the district court committed clear error

---

[1] The parties are well aware of the facts of this case as outlined in the Court's August 17, 2017 Order. (ECF No. 108.) Thus, the Court will not reiterate them here.

1

or made an initial decision that was manifestly unjust, or (3) there is an intervening change in controlling law." *United Nat. Ins. Co. v. Spectrum Worldwide, Inc.*, 555 F.3d 772 (9th Cir. 2009) (citing *Zimmerman v. City of Oakland*, 255 F.3d 734, 740 (9th Cir. 2001)). Plaintiffs argue it is appropriate for the Court to alter or amend its order of dismissal for two reasons: (1) "newly discovered evidence shows that Defendant Sandy Farid Andonie Reyes ("Andonie") and Beneficio De Arroz Cholomoa, S.A. ("Bachosa") admitted to forgery of the personal guarantee of debt (the "Guaranty") owed to Global and (2) "the Court's dismissal of the case, denial of Plaintiffs' Motion to Amend, and determination that outstanding discovery issues were moot was clear error and is manifestly unjust." (ECF No. 113-1 at 2, 5.) Specifically, Plaintiffs argue "the Court committed clear error by denying the Motion to Amend" because "[t]he amended complaint contained allegations of fraud sufficient to establish this Court's jurisdiction over Defendants, because it included allegations of forgery (which Defendants have now admitted)" and the Court's entry of judgment against Plaintiffs was manifestly unjust because "Plaintiffs were still waiting for discovery responses related to jurisdictional issues." (ECF No. 113-1 at 15.)

As to Plaintiffs' first reason, while Plaintiffs present newly discovered evidence of forgery, Plaintiffs have not presented newly discovered evidence showing that Defendants purposefully availed themselves of the laws of the state of California.[2] (*See generally* ECF No. 113.) The Court concluded in its order of dismissal that "Plaintiff's addition of tort claims does not transform this contract action into an action in tort. The main premise of the lawsuit is the alleged breach of contract of the Act, Note, and Guaranty." (ECF No. 108 at 8.) While Plaintiffs argue in a subsection heading that "Andonie and Bachosa's forgery is an intentional tort separate and apart from the contract claims," the Court finds, as it did in its previous order, that Plaintiffs' "proposed new claims relate directly to [the Act, Note, and Guaranty] as they allege that the Guaranty was forged." (ECF No. 113-1 at 11; ECF No. 108 at 8.) Furthermore, there are multiple contracts involved in this matter and alleging the Guaranty was forged does not morph this case out of the contract realm. The reality that this "action remains a contract action at is core" is evidenced by the fact that the damages Plaintiffs

---

[2] Plaintiffs' argument that Defendants purposefully availed themselves of the laws of the state of California by delivering "a forged document into this District" is unavailing given that the forgery, like the creation of the Act, Note, and Guaranty, occurred outside of this District. (ECF No. 113-1 at 14.)

2

seek under the additional forgery claims are identical to the damages they seek under the contract claims. (ECF No. 108 at 8; Ex. B, CF No. 37 ¶¶ 57–58, 60–61.) Thus, the Court is unconvinced by Plaintiffs' first reason to alter or amend its order of dismissal.

As to Plaintiffs' second reason, the Court did not clearly err in denying Plaintiffs' Motion to Amend. "For a decision to be considered 'clearly erroneous' it must be more than just maybe or probably wrong; it must be dead wrong." *Garcia v. Biter*, 195 F. Supp. 3d 1131, 1133 (E.D. Cal. 2016) (quoting *Campion v. Old Repub. Home Protection Co., Inc.*, No. 09-CV-00748-JMA(NLS), 2011 WL 1935967, at *1 (S.D. Cal. May 20, 2011)) (internal quotations omitted). "A movant must demonstrate a wholesale disregard, misapplication, or failure to recognize controlling precedent." *Id*. (*Campion*, 2011 WL 1935967, at *1) (internal quotations omitted). The Court properly applied the "purposeful availment" test to Plaintiffs' contract claims based on Ninth Circuit precedent. (ECF No. 108 at 6, 8 (citing *Doe v. Unocal Corp.*, 248 F.3d 915, 924 (9th Cir. 2001) & *Boschetto v. Hansing*, 539 F.3d 1011, 1015–1016) (9th Cir. 2008)).) While Plaintiffs contest the Court's application of *Boschetto* to this case, Plaintiffs have not shown that such application was "dead wrong." (ECF No. 113-1 at 12, 16; *Garcia*, 195 F. Supp. 3d at 1133.) Plaintiffs further argue that this Court improperly used the Federal Rule of Civil Procedure ("Rule") 16 "good cause" standard instead of the Rule 15 standard when analyzing whether to allow amendment. (ECF No. 113-1 at 16.) However, contrary to Plaintiffs' assertion, the Court appropriately employed Rule 15 to conclude that "amendment would be futile" given that "Plaintiffs['] complaint fails to present new facts which would allow the Court to find Defendants purposefully availed themselves of the laws of the state of California." (ECF No. 108 at 8.)

Finally, Plaintiffs' argument that it was manifestly unjust for the Court to "deny Plaintiffs' request for jurisdictional discovery on the basis that the request was moot" is meritless because Plaintiffs have not shown this Court committed an error that is "direct, obvious, and observable." (ECF No. 113-1 at 15; *In re Oak Park Calabasas Condo. Ass'n*, 302 B.R. 682, 683 (Bankr. C.D. Cal. 2003).) Plaintiffs had adequate opportunity to develop the record to meet their jurisdictional burden. On November 17, 2016, Magistrate Judge Delaney issued an order allowing Plaintiffs to conduct jurisdictional discovery. (ECF No. 92.) The parties conducted jurisdictional discovery on December

19, 2016.  (ECF No. 98.)  Then, about eight months later, in July 2017, Plaintiffs served their second set of discovery requests to Defendants after this Court issued a minute order requiring Plaintiffs to file supplemental briefing on what they learned from discovery in December 2016.  (ECF No. 102.) Defendants responded to this second set of discovery three days before the Court issued its order of dismissal.  (ECF No. 113-1 at 9; ECF No. 115 at 2.)  Plaintiffs argue that three days did not provide them with a "reasonable opportunity to supplement the record."  (ECF No. 113-1 at 6.)  However, Plaintiffs had eight months to expound discovery and only determined the need for second interrogatories after the Court ordered additional briefing.  Plaintiffs' delay is the reason for their inability to present evidence at the time of the Court's August Order.  Furthermore, as the Court noted above, the additional evidence does not transform this contract matter into a case sounding in tort. Thus, there is no manifest injustice.  As such, the Court is unpersuaded by Plaintiffs' second reason to alter or amend its order of dismissal.

For the foregoing reasons, Plaintiffs' Motion to Alter or Amend Judgment of Dismissal (ECF No. 113) is hereby DENIED.

IT IS SO ORDERED.

Dated: May 7, 2018

Troy L. Nunley
United States District Judge

4