UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GLOBAL COMMODITIES TRADING GROUP, INC., and INSURANCE COMPANY OF THE STATE OF PENNSYLVANIA, PHILADELPHIA,<br><br>Plaintiffs,<br><br>v.<br><br>BENEFICIO DE ARROZ CHOLOMA, S.A, a Honduran Company, SANDY FARID ANDONIE REYES, an individual, and JOYCE MARY JARUFE DOX, aka JOYCE JARUFE DE ANDONIE, an Individual,<br><br>Defendants. | No. 2:16-cv-01045-TLN-CKD<br><br>**ORDER** |

This action arises from an alleged breach of contract relating to shipping contracts for rice and corn from the United States to Honduras.  Plaintiff Global Commodities Trading Group, Inc. ("Plaintiff") alleges Defendants Beneficio De Arroz Choloma, S.A., Sandy Farid Andonie Reyes, and Joyce Mary Jarufe Dox (collectively, "Defendants") failed to pay for a shipment pursuant to the parties' contract, breached the payment terms of a subsequent Act of Understanding, and failed to pay amounts due on a subsequent promissory note and personal guaranty.  Plaintiff initiated this action in the Superior Court of the State of California, County of Placer on

September 25, 2014.  (ECF No. 1-2.)  Defendants removed the action to this Court on May 17, 2016.  (ECF No. 1.)  On August 17, 2017, this Court issued an Order granting Defendants' Motion to Dismiss for Lack of Personal Jurisdiction (ECF No. 11).  (ECF No. 108.)  In that same Order, the Court also dismissed as moot the parties' other pending motions, including Defendants' Motion to Dismiss Pursuant to the Common Law Doctrine of *Forum Non Conveniens* (ECF No. 12).[1]  (ECF No. 108 at 1–2, 9.)

Plaintiff appealed the Court's Order.  On September 17, 2020, the Ninth Circuit reversed the Order dismissing for lack of personal jurisdiction, vacated the Court's orders denying the parties' remaining motions, and remanded with instructions to deny Defendants' *forum non conveniens* motion on the merits.  (Mandate and Opinion, ECF No. 130.)

With respect to the *forum non conveniens* motion, the Ninth Circuit found the balance of private and public interest factors did not favor dismissal.  (*Id.* at 18–21 (citing *Ranza v. Nike, Inc.*, 793 F.3d 1059, 1076 (9th Cir. 2015)).)  Specifically, the court found litigation in the Eastern District of California would not result in disproportionate inconvenience where both parties identified witnesses located in their home country, some evidence would be more easily accessible in Honduras whereas other evidence would be more easily accessible in California, and most of the key documentary evidence had already been translated into English.  (*Id.* at 19–21 (citing *Ravelo Monegro v. Rosa*, 211 F.3d 509, 514 (9th Cir. 2000)).)  Moreover, the court noted California law would likely govern key issues in this dispute — including the validity and enforceability of the parties' memorandum, note, and guaranty — and it acknowledged Plaintiff's submission of evidence of significant safety concerns related to travelling to Honduras for purposes of collecting debt owed by Honduran companies.  (*Id.* at 19–20 (citing *S. A. Empresa De Viacao Aerea Rio Grandense v. Boeing Co.*, 641 F.2d 746 (9th Cir. 1981).)  Finally, the court noted that a plaintiff's choice of forum is entitled to considerable deference.  (*Id.* at 21 (citing *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 255 (1981)).)

---

[1] The other motions dismissed as moot were Defendants' two motions to strike (ECF Nos. 54, 70), and Plaintiff's Motion for Preliminary Injunction (ECF No. 14) and Motion to File a First Amended Complaint (ECF No. 35).  (ECF No. 108 at 1–2, 9.)

1       Accordingly, pursuant to the Opinion and Mandate of the United States Court of Appeals
2 for the Ninth Circuit (ECF No. 130), Defendants' *forum non conveniens* motion is DENIED.
3 (ECF No. 12.)
4       IT IS SO ORDERED.
5 DATED: November 2, 2020

                                              Troy L. Nunley
                                              United States District Judge