1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   GLOBAL COMMODITIES TRADING          No.  2:16-cv-01045-TLN-CKD
     GROUP, INC. et al. ,
12                                        ORDER INVITING SUPPLEMENTAL
                        Plaintiffs,       BRIEFING
13
           v.
14
     BENEFICIO DE ARROZ CHOLOMA,
15   S.A., et al.,

16                      Defendants.

17

18          Plaintiffs, Global Commodities Trading Group, Inc. ("Global") and The Insurance

19   Company of the State of Pennsylvania, Philadelphia, have moved for default judgment against

20   defendants Beneficio de Arroz Choloma, S.A. ("Bachosa"), Sady Farid Andonie Reyes

21   ("Reyes"), and Joyce Mary Jarufe Dox ("Dox"). (ECF No. 164.) Under the complaint's

22   allegations, defendant Bachosa is a company duly organized under the laws of the Country of

23   Honduras. (ECF No. 1-2 at ¶¶ 1-2 at ¶ 3.) Defendant Reyes and Dox are alleged to be individuals

24   residing in Honduras. (Id. at ¶ 4.) Reyes is alleged to be a principal, owner and officer of

25   Bachosa. (Id.)

26          This action arises from contracts between plaintiff Global and defendant Bachosa for the

27   shipment of rice and corn from the United States to Honduras. Plaintiffs allege defendant Bachosa

28   failed to pay for shipments rice and corn delivered and then breached the payment terms of a

                                                  1

subsequent promissory note for repayment. Plaintiffs allege defendants Reyes and Dox also failed to pay amounts due on the promissory note pursuant to the personal guarantees they executed. By this motion, plaintiffs seek default judgment against defendants in the amount of $13,661,790.29, plus interest of $1,797.47 per day from January 18, 2022, through entry of judgment.

Plaintiffs seek default judgment against all three defendants on, among other counts, count four of the complaint, which pleads as a "common count"[1] a count for goods sold and delivered. California recognizes a "common count of quantum valebant for the reasonable value of goods sold and delivered." Weitzenkorn v. Lesser, 40 Cal.2d 778, 792 (1953). Quantum valebant is a type of quasi-contract action. See Starnet Int'l AMC Inc. v. Kafash, No. 09-CV-04301-LHK, 2011 WL 845908, at *10 (N.D. Cal. Mar. 8, 2011) (citing Jogani v. Superior Court, 165 Cal.App.4th 901, 905-06 (2008) and 4 Witkin, California Procedure § 567 (5th ed. 2008).[2]

"The theory of quasi-contractual recovery is that one party has accepted and retained a benefit with full appreciation of the facts, under circumstances making it inequitable for him to retain the benefit without payment of its reasonable value." Day v. Alta Bates Med. Ctr., 98 Cal.App.4th 243, 248 (2002) (quoting Truestone, Inc. v. Simi W. Indus. Park II, 163 Cal.App.3d 715, 724 (1984)); see also Weitzenkorn, 40 Cal.2d at 794 ("Quasi contractual recovery is based upon benefit accepted or derived for which the law implies an obligation to pay. 'Where no benefit is accepted or derived there is nothing from which such contract can be implied.'") (quoting Rowell v. Crow, 93 Cal.App.2d 500, 503 (1949)).

According to the Judicial Council of California Advisory Committee on Civil Jury Instructions, a plaintiff must prove four elements to recover on a claim for goods delivered: (1) defendant requested, by words or conduct, that plaintiff deliver goods for defendant's benefit; (2)

---

[1] "A common count is not a specific cause of action ...; rather, it is a simplified form of pleading normally used to aver the existence of various forms of monetary indebtedness...." McBride v. Boughton, 123 Cal.App.4th 379, 394 (2004) (citations omitted).

[2] A quantum valebant claim can also be characterized as an unjust enrichment claim. See Starnet Int'l AMC Inc., 2011 WL 845908, at *10. "[T]he elements for a claim of unjust enrichment [are] receipt of a benefit and unjust retention of the benefit at the expense of another." Id. (citing Lectrodryer v. Seoulbank, 77 Cal.App.4th 723, 726, (2000)).

1   plaintiff delivered the goods as requested; (3) defendant has not paid plaintiff for the goods; and

2   (4) the reasonable value of the goods that were provided. Judicial Council of Cal. Civ. Jury

3   Instruction ("CACI") No. 371 (2022); see also United States ex rel. Hajoca Corp. v. Aeroplate

4   Corp., No. 1: 12-cv-1287-AWI-BAM, 2013 WL 3729692, *3 (E.D. Cal. July 12, 2013) ("For a

5   goods sold and delivered claim, it is sufficient to allege that the defendant was indebted to the

6   plaintiff at a specific time in a stated sum on an account for goods sold and delivered by the

7   plaintiff to the defendant at the defendant's request, and no part of the debt was paid.") (citing

8   Abadie v. Carrillo, 32 Cal. 172, 175 (1867)).

9          Here, the complaint alleges Reyes and Dox signed personal guarantees such that they

10   became indebted to Global for the goods sold and delivered to Bachosa. (ECF No. 1-2 at 7.)

11   However, neither Reyes nor Dox was alleged to have requested or benefitted from the goods at

12   issue. The court finds that supplemental briefing may be beneficial to resolution of the pending

13   motion for default judgment.

14          In accordance with the above, IT IS HEREBY ORDERED that plaintiffs may file

15   supplemental briefing addressing the request for default judgment against defendants Reyes and

16   Dox on count four of the complaint, for goods sold and delivered, within 14 days of the date of

17   this order.

18   Dated:  March 22, 2022

19   _____
                                    CAROLYN K. DELANEY
20                                  UNITED STATES MAGISTRATE JUDGE

21

22   8.glob16cv1045.suppbrief

23

24

25

26

27

28

3