UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GLOBAL COMMODITIES TRADING GROUP, INC., et al., <br><br>Plaintiffs, <br><br>v. <br><br>BENEFICIO DE ARROZ CHOLOMA, S.A., et al., <br><br>Defendants. | No. 2:16-cv-1045-TLN-CKD <br><br>FINDINGS AND RECOMMENDATIONS AND ORDER <br><br>(ECF No. 164) |

Plaintiffs, Global Commodities Trading Group, Inc. ("Global") and The Insurance Company of the State of Pennsylvania, Philadelphia ("Insurance Company"), move the court for default judgment against defendants Beneficio de Arroz Choloma, S.A. ("Bachosa"), Sady Farid Andonie Reyes ("Reyes"), and Joyce Mary Jarufe Dox ("Dox"). (ECF No. 164.) This action arises from an alleged breach of contract for the shipment of rice and corn from the United States to Honduras. Plaintiffs allege Bachosa breached the terms of an agreement for repayment, after which Bachosa and Reyes failed to pay amounts due on a subsequent promissory note guaranteed by Reyes and Dox. By this motion, plaintiffs seek a default judgment against defendants in the amount of $13,661,790.29, plus interest of $1,797.47 per day from January 18, 2022, through entry of and following judgment.

////

Defendants have appeared in this action but have not answered the complaint and have not opposed the motion for default judgment. For the reasons that follow, the undersigned recommends the court grant the motion as it pertains to the breach of contract claims in counts one and two against Bachosa and in count three against Reyes and Dox. The undersigned also recommends the court grant the motion as it pertains to the alternative common count pleaded against Bachosa in count four, as set forth herein.[1]

## I. BACKGROUND

### A. Procedural Background

Plaintiffs initiated this action in the California Superior Court, County of Placer, on September 25, 2014. Defendants removed the action on May 17, 2016. (ECF No. 1.)

On August 17, 2017, the court granted defendants' motion to dismiss for lack of personal jurisdiction and denied as moot the defendants' motion to dismiss for forum non conveniens and other pending motions. (ECF No. 108.) Following plaintiffs appeal, on September 17, 2020, the Ninth Circuit reversed the order of dismissal and remanded with instructions to deny the forum non conveniens motion on the merits. (ECF Nos. 128, 130.)

On September 24, 2020, plaintiffs moved to amend the complaint. (ECF No. 131.)

On October 16, 2020, defendants' counsel moved to withdraw as counsel, stating defendants had violated their retainer agreement by failing to make timely payment of attorney fees and costs. (ECF No. 135.)

On October 26, 2020, plaintiffs requested the entry of default. (ECF No. 141.) The Clerk of the Court declined to enter default at that time due to a pending motion to amend the complaint. (ECF No. 147.) Plaintiffs withdrew that motion on November 3, 2020. (ECF No. 148.) On November 6, 2020, pursuant to the Ninth Circuit's mandate, the court denied defendants' motion to dismiss. (ECF No. 153.)

/////

---

[1] Plaintiffs no longer seek default judgment against Reyes and Dox on count four. (See ECF No. 167 at 2 ("Plaintiffs stipulate to dismiss their fourth claim for relief as to Defendants Reyes and Dox, without prejudice.")).

On June 25, 2021, the court granted the motion to withdraw by defendants' counsel, leaving defendants pro se.[2] (ECF No. 157.) The court ordered defendants to file a status report or retain new counsel within 30 days and to answer to the complaint within 90 days. (Id.) On September 2, 2021, no communication from defendants having been received, the court ordered defendants to file a status report or substitution of counsel within 60 days and indicated the court would entertain a motion for default judgment if defendants failed to timely comply with the order. (ECF No. 158.)

Defendants' former counsel provided defendants' contact information in a status report filed on October 14, 2021. (ECF No. 159.) The status report stated former counsel were informed and believed Bachosa was in the process of acquiring legal counsel but might not have the resources to do so. (Id. at 2.)

Pursuant to plaintiffs' further request, the Clerk of the Court entered a default on January 11, 2022. (ECF No. 163.) The present motion for default judgment was filed on January 25, 2022. (ECF No. 164.) Plaintiffs served the motion for default judgment to defendants by electronic transmission to the email addresses provided by defendants' former counsel. (ECF No. 164-4 at 2.) Plaintiffs filed a supplemental brief pertaining to the motion for default judgment on April 5, 2022. (ECF No. 167.) Defendants have not filed an answer, opposed the motion for default judgment, or otherwise responded to the court's order of September 2, 2021.

**B. Factual Background**

Plaintiffs are two California corporations. (ECF No. 1-2 at ¶¶ 1-2.) Defendant Bachosa is alleged to be a company duly organized under the laws of the Country of Honduras. (Id. at ¶ 3.) Defendants Reyes and Dox are alleged to be individuals residing in Honduras, and Reyes is alleged to be a principal, owner and officer of Bachosa. (Id.)

Under the allegations in the complaint, plaintiffs and Bachosa entered into two separate contracts on December 17, 2011, providing for the sale and delivery of approximately 14,500 metric tons of U.S. No. 2 or better long grain rough rice (the "rice contract") and approximately

---

[2] As the court noted then, pursuant to Local Rule 183(a), defendant Bachosa, a corporation, may not appear pro se.

5,000 metric tons of U.S. No. 2 or better white corn (the "corn contract"). (ECF No. 1-2 at ¶ 6.) When the corn and rice arrived at the Honduran port, Bachosa's importation permits were invalid, causing delay and additional demurrage charges. (Id. at ¶ 12.) Payment was due under the Rice Contract and the Corn Contract no later than August 30, 2021, but Bachosa did not pay. (Id.)

Global and Bachosa agreed to additional terms for repayment as memorialized in an October of 2021 Act of Understanding (the "Memorandum"). (ECF No. 1-2 at ¶ 14.) The Memorandum acknowledged Bachosa owed $7,073,648 for the goods and $644,897.92 for the demurrage charges. (Id.) The Memorandum provided an additional 180 days for Bachosa to pay the amounts owed. (Id.)

Contemporaneously with the execution of the Memorandum, Bachosa and Reyes executed a promissory note in favor of Global for an amount of $11,000,000 (the "Note") providing for payment of Bachosa's obligations with accruing interest. (ECF No. 1-2 at 15.) The Note contained a personal guarantee of the debt signed by Reyes and Dox (the "Guaranty"), which became due immediately upon the failure of Bachosa to pay the Note. (Id. at 16.)

Plaintiff alleges all defendants have defaulted on their payment obligations under the Memorandum, the Note, and the Guaranty. (ECF No. 1-2 at ¶ 18.) Although interest payments of an irregular nature have been made, the last payment was made in August of 2014. (Id.)

The holder of Global's policy of insurance ("Insurance Company") paid Global $4,968,750 related to the Bachosa transactions. (ECF No. 1-2 at ¶ 17.) Global assigned to Insurance Company the claim for the amount paid plus expenses and collection. (Id.)

**II. LEGAL STANDARDS**

Pursuant to Federal Rule of Civil Procedure 55, default may be entered against a party for affirmative relief if that party fails to plead or otherwise defend against the action. See Fed. R. Civ. P. 55(a). The decision to grant or deny an application for default judgment lies within the sound discretion of the district court. Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980).

Once default is entered, as a general rule, well-pleaded factual allegations in the operative complaint are taken as true except for the allegations relating to damages. TeleVideo Sys., Inc. v. Heidenthal, 826 F.2d 915, 917-18 (9th Cir. 1987) (per curiam) (citing Geddes v. United Fin.

Group, 559 F.2d 557, 560 (9th Cir. 1977) (per curiam)); accord Fair Housing of Marin v. Combs, 285 F.3d 899, 906 (9th Cir. 2002). "[N]ecessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default." Cripps v. Life Ins. Co. of N. Am., 980 F.2d 1261, 1267 (9th Cir. 1992). Where the pleadings are insufficient, the court may require the moving party to produce evidence in support of the emotion for default judgment. See TeleVideo Sys., Inc., 826 F.2d at 917-18.

Default judgments are ordinarily disfavored. Eitel v. McCool, 782 F.2d 1470, 1472 (9th Cir. 1986). In making the determination whether to grant a motion for default judgment, the court considers the following factors:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

Eitel, 782 F.2d at 1471-72.

### III. DISCUSSION

**A. Eitel Factors**

**1. Possibility of Prejudice to Plaintiffs**

Plaintiffs initiated this litigation in the Placer County Superior Court on September 25, 2014. Defendants removed the case to this court but have failed to answer the complaint or otherwise participate in the case following remand from the Ninth Circuit on September 17, 2020. The present litigation cannot move forward, leaving no other recourse than to seek a default judgment. Thus, the possibility of prejudice to plaintiffs if default judgment is not entered weighs in favor of granting a default judgment. See PepsiCo, Inc., v. California Security Cans, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002).

**2. Merits of the Claims and the Sufficiency of the Complaint**

The court considers the merits of plaintiffs' substantive claims and the sufficiency of the complaint together due to the relatedness of the inquiries. See Danning v. Lavine, 572 F.2d 1386, 1388 (9th Cir. 1978); PepsiCo, Inc., 238 F. Supp. 2d at 1175.

### i. Breach of Contract Claims (Counts One, Two, and Three)

Plaintiffs seek recovery for breach of contract pertaining to the Memorandum (Count One, against Bachosa and Reyes), the Note (Count Two, against Bachosa and Reyes), and the Guaranty (Count Three, against Reyes and Dox). (ECF No. 164-1 at 8-9.) Sitting in diversity, the court applies California law. See Allstate Ins. Co. v. Hughes, 358 F.3d 1089, 1094 (9th Cir. 2003). The elements of a breach of contract claim under California law are "(1) the contract, (2) plaintiff's performance or excuse for nonperformance, (3) defendant's breach, and (4) damage to plaintiff therefrom." See Wall St. Network, Ltd. V. New York Times Co., 164 Cal.App.4th 1171 (2008). Taking the well-pleaded allegations as true, see Fair Housing of Marin, 285 F.3d at 906, plaintiff has adequately pleaded breach of contract claims.

As to Count One, Global and Bachosa entered into a contract, (the Memorandum). (ECF No. 1-2 at ¶ 14; ECF No. 164-3 at ¶¶ 7-8 & Ex. A.) Global performed all, or substantially all, of the significant promises, conditions and covenants required on its part to be performed under the Memorandum, in that Global gave Bachosa an additional 180 days to pay the amounts owed under the Rice and Corn Contracts, but Bachosa breached the Memorandum by failing to pay what was owed, thereby causing harm to Global. (ECF No. 1-2 at ¶¶ 14, 23-24.)

As to Count Two, Global, Bachosa, and Reyes entered into a contract (the Note). (ECF No. 1-2 at ¶ 15; ECF No. 164-3 at ¶¶ 9-11 & Ex. B.) Global performed all, or substantially all, of the significant promises, conditions and covenants required on its part to be performed under the Note, but Bachosa and Reyes breached the contract by failing to pay the full amount due under the Note, thereby causing harm to Global. (ECF No. 1-2 at ¶¶ 15, 27, 29-30.)

As to Count Three, Reyes and Dox signed the Note, which contained a contract between Global and Reyes and Dox (the Guaranty). (ECF No. 1-2 at 15, 35; ECF No. 164-3 at ¶¶ 10-11 & Ex. B.) Global performed all, or substantially all, of the significant promises, conditions and covenants required on its part to be performed under the Guaranty, but Reyes and Dox breached the Guaranty by failing to pay the full amount due under the Guaranty, thereby causing harm to Global. (ECF No. 1-2 at 15, 35-36.)

////

**ii. Common Count for Goods Sold and Delivered (Count 4)**

Count Four pleads a common count for goods and services rendered. Plaintiffs seek default judgment only against Bachosa on this count. (See ECF No. 167 at 2.)

"A common count is… a simplified form of pleading normally used to aver the existence of various forms of monetary indebtedness…" and may be "used as an alternative way of seeking the same recovery demanded in a specific cause of action." McBride v. Boughton, 123 Cal.App.4th 379, 394 (2004) (citations omitted). The essential allegations of a common count are "(1) the statement of indebtedness in a certain sum, (2) the consideration, i.e., goods sold, work done, etc., and (3) nonpayment." Farmers Ins. Exch. v. Zerin, 53 Cal. App. 4th 445, 460 (1997).

A plaintiff must prove four elements to recover on a claim for goods delivered: (1) defendant requested, by words or conduct, that plaintiff deliver goods for defendant's benefit; (2) plaintiff delivered the goods as requested; (3) defendant has not paid plaintiff for the goods; and (4) the reasonable value of the goods that were provided. Judicial Council of Cal. Civ. Jury Instruction ("CACI") No. 371 (2022); see also United States ex rel. Hajoca Corp. v. Aeroplate Corp., No. 1: 12-cv-1287-AWI-BAM, 2013 WL 3729692, *3 (E.D. Cal. July 12, 2013) ("For a goods sold and delivered claim, it is sufficient to allege that the defendant was indebted to the plaintiff at a specific time in a stated sum on an account for goods sold and delivered by the plaintiff to the defendant at the defendant's request, and no part of the debt was paid.") (citing Abadie v. Carrillo, 32 Cal. 172, 175 (1867)).

Here, the complaint alleges Global and Bachosa entered into a written contract for the delivery of rice and corn; those goods were delivered, but Bachosa has not paid. (ECF No. 1-2 at ¶¶ 11, 38.) The complaint states a common count against Bachosa as an alternative means of recovery.

**3. The Sum of Money at Stake**

Under the fourth factor cited in Eitel, "the court must consider the amount of money at stake in relation to the seriousness of defendant's conduct." PepsiCo, Inc., 238 F. Supp. 2d at 1176-77; see also Philip Morris USA, Inc. v. Castworld Prods., Inc., 219 F.R.D. 494, 500 (C.D. Cal. 2003). This factor requires the court to assess whether recovery sought is proportional to the

7

harm caused by defendants' conduct. See Vogel v. Rite Aid Corp., 992 F. Supp. 2d 998, 1012 (C.D. Cal. 2014) ("Default judgment is disfavored where the sum of money at stake is too large or unreasonable in relation to defendant's conduct").

Here, plaintiffs seek $13,661,790.29, plus interest of $1,797.47 per day from January 18, 2022. (ECF 164-1 at 4.) Clearly, this a significant sum. The amount sought represents the entire principle of the Note, the amount of unpaid interest, and pre-judgment interest from January 18, 2022. (ECF 164-1 at 4.)

"Courts have consistently granted default judgment in excess of a million dollars for breach of contract cases." SAC Invs., LLC v. Perez, No. SACV14-582-JLS-JPR-X, 2015 WL 13283059, at *4 (C.D. Cal. Feb. 24, 2015) (citing Richmark Corp. v. Timber Falling Consultants, Inc., 937 F.2d 1444, 1446 (9th Cir. 1991) and Oracle USA, Inc. v. Qtrax, Inc., No. C09–3334 SBA BZ, 2011 WL 4853436, at *2 (N.D. Cal. Sept. 27, 2011)). In doing so, courts balance the amount of damages against the other Eitel factors. See Craigslist, Inc. v. Naturemarket, Inc., 694 F. Supp. 2d 1039, 1060 (N.D. Cal. 2010) (holding that the damages in the range of one to five million dollars did not defeat entry of default judgment where the defendant had engaged in willful trademark infringement and refused to respond to allegations in the lawsuit). "Courts have found that this factor 'presents no barrier to default judgment' even when millions of dollars were at stake, as long as the potential damages were 'proportional to the harm alleged.'" Johnson v. Advanced Air Sols. Inc., No. 19-CV-00613-LHK, 2020 WL 2084898, at *8 (N.D. Cal. Apr. 30, 2020) (finding request of $7,189.03 was justified) (citing Liu Hongwei v. Velocity V Ltd., No. 2:15-cv-05061-ODW-E, 2018 WL 3414053, at *8 (C.D. Cal. July 11, 2018)).

Here, plaintiffs have demonstrated the amount sought is based on set amounts due according to contract terms incorporated onto the face of the complaint (ECF No. 1-2 at ¶ 14; ECF No. 163-4 at 6) and an 8.5 percent accrued annual interest rate found in the terms of the contract and incorporated onto the face of the complaint (ECF No. 163-4 at 10). Thus, "the sum of money at stake… is for a sum certain" and represents the damages incurred. Desert Trailer Sys., Inc. v. Twenty6 Letters Corp., No. SACV17-0412-AGD-FMX, 2017 WL 8117693, at *2

////

(C.D. Cal. Aug. 4, 2017). Thus, although the award sought is substantial, this factor does not, by itself, preclude granting default judgment.

### 4. The Possibility of a Dispute Concerning Material Facts

The court assumes the truth of well-pleaded facts in the complaint following the clerk's entry of default. See, e.g., Elektra Entm't Group Inc. v. Crawford, 226 F.R.D. 388, 393 (C.D. Cal. 2005) ("Because all allegations in a well-pleaded complaint are taken as true after the court clerk enters default judgment, there is no likelihood that any genuine issue of material fact exists"); accord Philip Morris USA, Inc., 219 F.R.D. at 500; PepsiCo, Inc., 238 F. Supp. 2d at 1177. Because there is no indication that material facts are in dispute, this factor weighs in favor of granting default judgment.

### 5. Whether the Default Was Due to Excusable Neglect

Due process requires that interested parties be given notice of the pendency of the action and be afforded an opportunity to present their objections before a final judgment is rendered. Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 314 (1950). While there is always a possibility that a defendant might appear and claim excusable neglect, where the defendants "were properly served with the Complaint, the notice of entry of default, as well as the papers in support of the instant motion," this factor favors entry of default judgment. Shanghai Automation Instrument Co. Ltd. v. Kuei, 194 F. Supp. 2d 995, 1005 (N.D. Cal. 2001).

Here, defendants were actively involved with this case in that they removed it to this court and litigated a motion to dismiss. Subsequent to the Ninth Circuit's remand, however, defendants have failed to file an answer and failed to respond to court orders. (ECF Nos. 157, 158). Despite the court's clear orders to retain new counsel, to file status reports, and to answer the complaint, defendants are no longer participating in this case or communicating with the court. Plaintiffs served the motion for default judgment to defendants by electronic transmission to the email addresses provided by defendants' former counsel. (ECF No. 164-4 at 2.) Under these circumstances, the record contains no indication defendants' default was due to excusable neglect.

////

### 6. The Strong Policy Underlying the Federal Rules of Civil Procedure Favoring Decisions on the Merits

"Cases should be decided upon their merits whenever reasonably possible." Eitel, 782 F.2d at 1472. But the mere existence of Rule 55(b) "indicates that this preference, standing alone, is not dispositive." PepsiCo, Inc., 238 F. Supp. 2d at 1177 (citation omitted); see also Craigslist, Inc., 694 F. Supp. 2d at 1061. Rule 55 allows a court to decide a case before the merits are heard if defendant fails to appear and defend. See PepsiCo, Inc., 238 F. Supp. 2d at 1177. Thus, although the court is cognizant of the policy in favor of decisions on the merits, that policy does not, by itself, preclude the entry of default judgment.

### 7. Eitel Recommendation

Taken together, the Eitel factors support granting the request for default judgment even though plaintiffs request a significant sum of damages. It will therefore recommended default judgment be entered.

### B. Terms of the Judgment to be Entered

The court determines the "amount and character" of the relief to be awarded upon default judgment. Landstar Ranger, Inc. v. Parth Enterprises, Inc., 725 F.Supp.2d 916, 920 (C.D. Cal. 2010)). A plaintiff "must "prove up" the damages. Id. at 923 (citations omitted). The damages sought cannot "differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c). Default judgment may be entered without a hearing where the plaintiff submits documentary evidence showing that the amount sought in damages is based on a definite figure capable of mathematic computation. Davis v. Fendler, 650 F.2d 1154, 1161 (9th Cir. 1981) (quoting United Artists Corp. v. Freeman, 605 F.2d 854, 857 (5th Cir. 1979)).

Here, plaintiffs may recover the sum of damages under the express contractual provisions. See Newbery Corp. v. Fireman's Fund Ins. Co., 95 F.3d 1392, 1405 (9th Cir. 1996). Plaintiffs have provided affidavits and documentation adequately establishing these monetary damages. The amount sought is based on set amounts due according to contract terms incorporated onto the face of the complaint (ECF No. 1-2 at ¶ 14; ECF No. 164-3 at ¶¶ 7-8 & Ex. A) and an interest rate found in the terms of a contract incorporated onto the face of the complaint (ECF No. 1-2 at ¶ 15;

ECF No. 164-3 at ¶¶ 9, 11 & Ex. B). Plaintiffs have submitted documentation demonstrating the amount of contract damages at $13,661,790.29, plus interest of $1,797.47 per day from January 18, 2022, through entry of judgment. Accordingly, the undersigned recommends damages be awarded in that amount.

Plaintiffs also request postjudgment interest based on the contracted interest rate. (ECF No. 167 at 3.) Postjudgment interest in this case is governed by 28 U.S.C. § 1961 unless the parties contracted to waive its application. See Citicorp Real Estate, Inc. v. Smith, 155 F.3d 1097, 1107-08 (9th Cir. 1998) ("state law determines the rate of prejudgment interest, and postjudgment interest is governed by [28 U.S.C. § 1961]"); Fid. Fed. Bank, FSB v. Durga Ma Corp., 387 F.3d 1021, 1023 (9th Cir. 2004) ("Durga Ma") ("An exception to § 1961 exists when the parties contractually agree to waive its application.").

In order to contract around the otherwise mandatory provisions of 28 U.S.C. § 1961, there must be a "specific agreement" "on this "specific issue." Durga Ma, 387 F.3d at 1023. In Citicorp, the parties had agreed upon an interest rate in the case of default, and the promissory notes additionally provided interest would accrue at the rate specified after judgment and until collection. See Citicorp Real Estate, Inc. v. Smith, 155 F.3d at 1108. The Ninth Circuit found those terms sufficiently waived application of the otherwise mandatory application of § 1961. Id. In contrast, in Durga Ma, 387 F.3d at 1023, the Ninth Circuit held that a choice-of-law clause with no reference to interest rates evinced no agreement between the parties.

Here, plaintiffs argue the parties contracted to waive 28 U.S.C. § 1961 when they agreed the entire amount was to be paid "plus interest set out in this note, in the form, term and due dates indicated herein. This promissory accrued annual interest rate is 8.5%." (ECF No. 167 at 2.) Plaintiffs note the agreement to pay interest "was from the date of the Note; it was not an agreement to only pay interest in the event of future late payments under the Note." (Id. at 3.)

Although the parties agreed to an interest rate for repayment of the entire sum which was already past due, there was no "specific agreement" as to the specific issue of post-judgment interest sufficient to manifest an intent to override 28 U.S.C. § 1961. See Durga Ma, 387 F.3d at 1023; Oreo Corp. v. Winnerman, 642 F. App'x 751, 755 (9th Cir. 2016) (district court abused its

11

discretion in not applying the statutory rate where "none of the contract provisions cited… allude to post-judgment interest"). Unlike in Citicorp, where the parties expressly agreed the contractual rate applied "after judgment until collection," 155 F.3d at 1108, in this case, the contract provision cited by plaintiffs is not a specific agreement on the issue of post-judgment interest. Accordingly, the statutory rate of 28 U.S.C. § 1961 should be applied.

**IV.   CONCLUSION**

In accordance with the above, it is HEREBY RECOMMENDED:

1. Plaintiffs' motion for default judgment (ECF No. 164) be granted as set forth herein.
2. Judgment be entered in plaintiffs' favor and against Bachosa and Reyes on counts one and two, against Reyes and Dox on count three, and against Bachosa on count four.
3. Default judgment be entered against defendants in the amount of $13,661,790.29 USD, plus interest of $1,797.47 per day from January 18, 2022, through entry of judgment, with postjudgment interest at the statutory rate of 28 U.S.C. § 1961.

IT IS ALSO HEREBY ORDERED that plaintiffs serve an electronic copy of this order and findings and recommendations on defendants forthwith to their last known email addresses, and thereafter plaintiffs shall file a notice of such service within 10 days.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within thirty (30) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the court within 14 days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated:  May 6, 2022

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8.glob16cv1045.mdj